BYRON D. BAKER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Baker v. Commissioner
Docket No. 4978-92
United States Tax Court
T.C. Memo 1993-205; 1993 Tax Ct. Memo LEXIS 211; 65 T.C.M. (CCH) 2612; May 13, 1993, Filed *211 Byron D. Baker, pro se. For respondent: Bridgette Gibson. BUCKLEY
BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioner's 1988 Federal income tax in the amount of $ 2,957. The sole issue is whether petitioner was traveling away from home on business during 1988. Some of the facts have been stipulated and they are so found. Petitioner resided at Sausalito, California, when he timely filed his petition herein. Petitioner is a physical therapist. He was employed from July 1984 to May 15, 1988, by Tinsley Physical Therapist (hereafter Tinsley) as Western Regional Manager. Tinsley is a national contractor of physical therapeutic care based in Houston, Texas. Petitioner's duties as Western Regional *212 Manager for Tinsley involved managing hospital contracts to provide therapeutic services, personnel and financial management assistance, and obtaining new hospital contracts through negotiations with hospital administrators. During the period July 1984 through January 1987, petitioner, as an employee of Tinsley, was required to travel frequently throughout the State of California in connection with the performance of his duties. During this period, petitioner resided at Sonoma, California, with his best friend and roommate. When petitioner's roommate moved to Folsom, California, in February of 1988, he moved all of petitioner's furniture and belongings with him. However, he told petitioner that it was not necessary for him to continue paying one-half of the living expenses, and petitioner discontinued such payments. Petitioner accepted a temporary 3-month assignment in Danville, Illinois, in January of 1987 at the request of Tinsley as a troubleshooter regarding problems with a hospital contract. A month later, he met his present wife at Danville. Petitioner resided in a motel in Danville from January 7, 1987, to March 23, 1987. All living expenses which petitioner incurred *213 in Danville were reimbursed by Tinsley. Petitioner returned to California in March of 1987 to open a pain clinic for Tinsley. Then, in April of 1987 he returned to Danville at the request of Tinsley for what was to be another short-term temporary assignment. It lasted longer than expected. However, about April 1, 1988, Tinsley requested petitioner to relocate to Houston, Texas, to accept the position as Director of Recruiting. Petitioner was unwilling to relocate to Texas, preferring the climate of northern California to that of Houston, and terminated his employment with Tinsley effective May 15, 1988. While petitioner was in Danville, Illinois, he became engaged to his present wife. She was enrolled in college in Danville during 1988. Petitioner decided to remain in Danville until he could locate the "right" job in California. He went to California between May 25, 1988, to June 3, 1988, to seek employment and to attend his sister's wedding. He did not succeed in his job search. After petitioner returned to Danville in June, he found work with Clarke-Lindsey Village as a self-employed private contractor providing physical therapy services to residents of Clarke-Lindsey *214 Village. On August 5, 1988, petitioner also contracted with Carle Hospital in Danville, as a self-employed private contractor of home care services. Petitioner always made it clear to these home care agencies that he was searching for a position in California. It was not until March of 1989 that petitioner started to negotiate a contract with a company located in Novato, California. Petitioner's fiancee was graduated from college in Danville in December of 1988, and she moved to California in June of 1989, along with petitioner. Petitioner did not own real property in California during 1988, nor was he legally responsible for the maintenance of a home in California during 1988. Petitioner was not employed in California during 1988. Petitioner considered himself a resident of California during all of 1988. He kept his motorcycle in California with his former roommate, he registered his automobile and the motorcycle in California, he maintained a California bank account, and he maintained his physical therapy license in California. He agrees, however, that he did not have duplicate living expenses during 1988 because of his arrangement with his roommate. Petitioner was reimbursed *215 by the Tinsley company for his living expenses in Danville while he worked for that company during 1988. The expenses in question in this matter are those he incurred after leaving such employment. Further, petitioner has substantiated all of the expenses which he has claimed. Petitioner bears the burden of proving that respondent's determination in disallowing these expenses is incorrect. Rule 142(a); . Petitioner must prove that he was away from home on business while he was working at Danville subsequent to his resignation from Tinsley. Section 162(a)(2) generally allows for the deduction of all ordinary and necessary expenses paid or incurred in carrying on any trade or business while traveling away from home. In contrast, section 262 generally disallows expenses for personal, living, or family expenses. ; . A taxpayer's home for purposes of section 162(a)(2) is generally the area or vicinity of that person's principal place of employment. . *216 An exception to this general rule exists where the taxpayer's principal place of business is temporary rather than indefinite. . In such an instance, it would not be reasonable for a person to move their residence to the new location because of the temporary nature of the employment. Employment is indefinite in nature if its termination cannot be foreseen within a fixed or reasonably short period of time. , affd. . Whether certain employment was temporary or indefinite is a factual question. It has been held that employment which was temporary at its start may become indefinite if it extends beyond the short term. Also, employment which merely lacks permanence is indefinite unless termination is foreseeable within a short period of time. ; see also ; . *217 Petitioner's post-Tinsley employment falls into the latter category of indefinite employment. Petitioner has failed to show that his time in Danville was temporary; it was, within the meaning of the case law, indefinite in nature. While it is true that petitioner had hopes of returning to California, the fact is that he had no real prospects in that State until about March of 1989 when he commenced negotiation of the contract which was eventually reached in May and which led him back to the Golden State. Thus, petitioner's claimed travel expenses are not deductible, as he was not traveling away from home on business. Decision will be entered for respondent. Footnotes
1. Section references are to the Internal Revenue Code in effect for the year at issue; Rule references are to the Tax Court Rules of Practice and Procedure.↩